# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARCUS L. SPARKS,<br>　　　　　　Appellant, | DOCKET NUMBER<br>AT-0831-16-0677-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　　Agency. | DATE: June 15, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Marcus L. Sparks, Crestview, Florida, pro se.

Carla Robinson, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) that recalculated his Civil Service Retirement System (CSRS) annuity to eliminate credit for his post-1956 military service and found an overpayment. For the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

reasons set forth below, we GRANT the petition for review and REVERSE the initial decision. OPM's final decision is NOT SUSTAINED.

## BACKGROUND

¶2 The appellant retired in the fall of 2013 from his position at Eglin Air Force Base, and, in February 2016, OPM notified him that it had recalculated his annuity to remove credit for his post-1956 military service because the Social Security Administration had certified his eligibility for old-age retirement benefits and he had not made the required deposit at or before his retirement. Initial Appeal File (IAF), Tab 1, Tab 4 at 25-41. It also notified him that it had found a $4,645.00 overpayment in CSRS annuity benefits. IAF, Tab 4 at 28‑33. The appellant requested reconsideration of the decision and a waiver of the overpayment. *Id.* at 12-19. OPM denied the appellant's request, finding that, because he had failed to make the required deposit, it had properly recalculated his annuity to eliminate credit for his post-1956 military service. *Id.* at 8. Concerning the overpayment, OPM found that, even though the appellant was not at fault in causing it, OPM could not waive the overpayment because recovery would not be against equity and good conscience. *Id.* at 8-9. Nevertheless, OPM did lower the monthly collection schedule set forth in its initial decision. *Id.* at 10, 29.

¶3 The appellant filed this appeal and OPM responded. IAF, Tabs 1, 4. After holding a telephonic hearing, the administrative judge issued an initial decision finding that the appellant was not entitled to make a belated post-1956 military service deposit and that he failed to show that he was entitled to a waiver of the overpayment or any further adjustment in the repayment schedule. IAF, Tab 8, Initial Decision (ID). In his petition for review, the appellant reiterates his argument made below that the agency misinformed him regarding the consequences of not paying the deposit and identifies several discrepancies and inconsistencies in his retirement paperwork. Petition for Review (PFR) File,

Tab 1; IAF, Tab 7.  Although it identified a new agency representative, PFR File, Tab 3, OPM did not respond to the appellant's petition for review.

¶4    For the reasons set forth below, we find that the appellant established through preponderant evidence that his former agency committed administrative error that caused him not to make the required deposit to obtain credit for his post-1956 military service.  Thus, we find that the appellant has established that he is entitled to make a post-separation deposit.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    An annuitant who retires after September 7, 1982, is entitled to receive credit for active military service performed after 1956 under both CSRS and the Social Security system if he deposits an amount equal to 7% of his total post‑1956 military pay, plus interest, with the Civil Service Retirement and Disability Fund.  *Hooten v. Office of Personnel Management*, 114 M.S.P.R. 205, ¶ 6 (2010); *see* 5 U.S.C. § 8334(j).  If the annuitant fails to make such a deposit, OPM must recalculate the annuity payments when he first becomes eligible for Social Security benefits to exclude credit for the post-1956 military service. 5 U.S.C. § 8332(j); *Hooten*, 114 M.S.P.R. 205, ¶ 6.  Those employees who retire on or after October 1, 1983, must make such a deposit before their separation from service upon which entitlement to an annuity is based.  *Hooten*, 114 M.S.P.R. 205, ¶ 6; 5 C.F.R. § 831.2104.  However, the Board will order OPM to permit a post-separation deposit if there was administrative error by the individual's employing agency or OPM and the failure to make the deposit prior to retirement was the product of that administrative error.  *Hooten*, 114 M.S.P.R. 205, ¶ 6; 5 C.F.R. § 831.2107(a)(1).

¶6    In his initial decision, the administrative judge found that the OPM Form 1515 that the appellant signed provided him with adequate information regarding his military deposit and the consequences of not paying it.  ID at 4.  However, in this case, the appellant's OPM Form 1515 is missing important information

related to the military deposit requirement. Consistent with the appellant's contention that he received no real counseling concerning his military deposit, the space allocated on the second page of his OPM Form 1515 to provide him with an agency contact to obtain "further information about making a deposit for your military service that occurred after December 31, 1956," is blank. IAF, Tab 7 at 1, Tab 4 at 67. Similarly, there is information missing from the appellant's Standard Form 2801 (SF-2801), Agency Checklist of Immediate Retirement Procedures, concerning his military deposit, with several questions left unanswered and the markings for several other questions insufficient to discern their meaning. IAF, Tab 4 at 60.

¶7        Additionally, some of the information on the appellant's retirement forms is contradicted by his sworn hearing testimony. On Schedule D of the appellant's SF-2801, his employing agency indicated that it had counseled the appellant about the effect of not paying the deposit. *Id.* at 59. However, the appellant testified under oath that he received no counseling or help at the time of his retirement save for one agency personnel official who, in response to the appellant's question "will my military service affect my annuity," told him that "no, it shouldn't." Hearing Compact Disc (HCD) (testimony of the appellant); ID at 4. The Board has held that an appellant's unrebutted, sworn testimony that his former employing agency misinformed him regarding the amount of his annuity reduction constituted preponderant evidence of administrative error because it was based on his personal knowledge of the events at issue, was consistent, and was not inherently improbable. *Zimmerman v. Office of Personnel Management*, 80 M.S.P.R. 512, ¶ 10 (1999).

¶8        The administrative judge discounted that testimony, finding that, because the agency provided the appellant with estimates showing that his annuity would decrease by $912.00 without the deposit, it was "highly improbable that a personnel specialist would have told him that failure to make a deposit would probably have no effect on his annuity." ID at 5. However, we disagree with the

administrative judge's interpretation of the evidence, in large part because the record shows that the estimate was not prepared until after the appellant executed his retirement paperwork, and it is not clear that his employing agency ever provided him with this estimate. IAF, Tab 4 at 72-79. Indeed, the chronology indicates that the agency personnel specialist would not have possessed the estimate, which reflects a date of November 12, 2013, when the appellant made his election on OPM Form 1515 on October 28, 2013, and executed his retirement application and associated paperwork by October 31, 2013. *Id.* at 55, 66, 72-79. The appellant testified below, and he maintains on review, that he did not receive the estimate on which the administrative judge based that finding, noting that the copy of it that OPM submitted is dated November 12, 2013, nine days after he left Eglin Air Force Base for the last time, and that the estimate bears no indicia that he ever received it. HCD (testimony of the appellant); IAF, Tab 7 at 2; PFR File, Tab 1 at 4-5.

¶9      Despite this contradictory evidence, the administrative judge placed decisive weight on the information contained in the OPM Form 1515 in finding that the appellant had been properly informed of the requirement to make a deposit and of the consequences of failing to make a deposit. ID at 4-5. Although the Board has found that the information contained in those two forms may be sufficient to inform an individual of the need to make the deposit and the consequences of a failure to do so, the inquiry does not end there. *See Lancaster v. Office of Personnel Management*, [112 M.S.P.R. 76](), ¶ 10 (2009). If the appellant received misleading information from his employing agency, he still may establish administrative error despite having completed these forms. *Id.*

¶10     The administrative judge found no evidence that the appellant asked any questions that his employing agency or OPM either failed to answer or answered incompletely or incorrectly. However, he also cited the appellant's sworn testimony that an agency personnel specialist told him that a failure to make a deposit "would probably have no effect on his annuity." ID at 4. In dismissing

this contention, the administrative judge noted the appellant's failure to "state precisely who told him" this, ID at 4-5, but the administrative judge does not identify any precedential authority that requires such precision. Our reviewing court has held that an agency commits administrative error when an individual asks a question regarding the post-1956 military service credit deposit at the time of the election and the agency's response "either misrepresents the dollar amount in question or is so indirect, inaccurate, or incomplete as to confuse or mislead the employee as to the amount of the deposit or the effect of any failure to make the deposit on the annuity recalculation." *McCrary v. Office of Personnel Management*, 459 F.3d 1344, 1349 (Fed. Cir. 2006). The cases do not require that an appellant identify the precise individual who gave him that indirect, inaccurate, or incomplete answer. *See id.* at 1345 (finding administrative error when "a government counselor" told the appellant the deposit would cost "a lot" without further explanation); *see also Lancaster*, 112 M.S.P.R. 76, ¶¶ 4, 6, 11 (finding that the answer of an unnamed agency retirement counselor that the appellant's annuity would be reduced by a "fraction" was sufficiently vague to be misleading when the evidence showed a monthly reduction of $347.00).

¶11    Thus, given the appellant's assertion below that, had he known that he would be losing around $950.00 a month when he reached 62, he would have paid the $2,543.00 deposit using the payment he received for unused leave, HCD (testimony of the appellant); IAF, Tab 7 at 2, we find that the appellant relied on misinformation when he was told by a personnel specialist that a failure to make the deposit "would probably have no effect on his annuity." Additionally, we find that the forms included in the appellant's retirement application package contain errors, IAF, Tab 4 at 55, 66, 72-79, and discrepancies that neither OPM nor his employing agency appeared to investigate and resolve, despite their obligation to do so before processing the application, *e.g.*, *Lamb v. Office of Personnel Management*, 112 M.S.P.R. 335, ¶ 10 (2009). Accordingly, we find that the appellant has established by preponderant evidence that his employing

agency committed an administrative error and that his failure to pay the deposit was the product of that administrative error. *See Lamb*, 112 M.S.P.R. 335, ¶ 13. We therefore find that the appellant is entitled to a make a post-separation deposit in accordance with 5 C.F.R. § 831.2107(a)(1). *Id.*

## ORDER

¶12      We ORDER OPM to set a time limit under 5 C.F.R. § 831.2107(a)(1) before which the appellant may make the military deposit to his former employing agency. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). OPM must complete this action no later than 20 days after the date of this decision.

¶13      We further ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

¶14      No later than 30 days after OPM tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM. 5 C.F.R. § 1201.182(a).

### NOTICE TO THE APPELLANT REGARDING<br>YOUR RIGHT TO REQUEST<br>ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If

you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:            /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.